1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | JULIE L. GARLAND
Senior Assistant Attorney General
4 | ANYA M. BINSACCA
Supervising Deputy Attorney General
5 | DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
6 |  455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
7 |  Telephone:  (415) 703-5531
Fax:  (415) 703-5843
8 |  Email:  Denise.Yates@doj.ca.gov
Attorneys for Respondent Ben Curry, Warden at the
9 | Correctional Training Facility
SF2008400056

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14

15 | **GUADALUPE FERNANDEZ,**                    No. C 07-3727 MMC (PR)

16 |                               Petitioner,   **RESPONDENT'S ANSWER TO
                                             THE ORDER TO SHOW CAUSE;**
17 |          v.                                **SUPPORTING MEMORANDUM
                                             OF POINTS AND AUTHORITIES**
18 | **BEN CURRY, Warden,**

19 |                               Respondent.

20

21 | **INTRODUCTION**

22 |     Petitioner Guadalupe Fernandez (C-72642) is a California state prisoner proceeding pro

23 | se in this habeas corpus matter in which he challenges the Board of Parole Hearings' August 17,

24 | 2006 decision denying him parole.[1/]  This Court found cognizable Fernandez's claim that his due

25 | process rights were violated when the Board denied "him parole without sufficient evidence to

26 | ———————————————————————————

27 |     1.  A proper habeas respondent is the person having custody of the petitioner, such as the
warden.  Rules Governing § 2254 Cases, Rule 2(a).  But because the actions complained of in this
28 | Petition concern a parole consideration hearing, "the Board" and "Respondent" will be used
interchangeably for convenience only.

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.                *Fernandez v. Curry*
                                                                                     No. C 07-3727 MMC (PR)

1  support its decision that his release would pose an unreasonable risk to public safety, and in
2  continued reliance solely on the unchanging factors [sic] of the commitment offense." (Order to
3  Show Cause 2.)

4         Fernandez generally challenges how the Board weighed the evidence, but weighing the
5  evidence is within the Board's exclusive discretion.  Further, assuming the some-evidence
6  standard applies, some evidence supports the Board's decision denying Fernandez parole.  Thus,
7  the state court's denial of his state habeas petition was not an unreasonable application of United
8  States Supreme Court law, and this Court should deny the Petition.

9                                    **ANSWER**

10        Respondent Ben Curry, Warden at the Correctional Training Facility, as an Answer to the
11  Order to Show Cause, states:

12        1.      Fernandez is lawfully in the custody of the California Department of Corrections
13  and Rehabilitation. (Ex. 1.)  The trial court convicted Fernandez of second-degree murder; found
14  that he was armed with, and used, a firearm during the commission of the offense; and sentenced
15  Fernandez to seventeen years to life.  (Ex. 1.)

16        2.      Fernandez does not challenge his conviction in this Petition.  (Pet., Attached Page
17  1.)  Rather, Fernandez challenges the Board's decision denying him parole at his August 17,
18  2006 subsequent parole consideration hearing.  (Pet., Attached Page 1 & Ex. 2.)

19        3.      Respondent disagrees with the Ninth Circuit's decision in *Sass v. California*
20  *Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006), and denies that Fernandez has a
21  liberty interest in parole.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12
22  (1979) (finding that a convicted person does not have a federally protected liberty interest in
23  parole release unless the state creates the interest through the "unique structure and language" of
24  its parole statutes, thereby giving inmates an expectancy in parole release); *In re Dannenberg*, 34
25  Cal. 4th 1061, 1087-88 (2005) (clarifying that under California Penal Code section 3041, the
26  setting of a parole release date is neither mandatory nor presumed); *see also Sandin v. Conner*,
27  515 U.S. 472, 484 (1995) (finding that an inmate's constitutional liberty interest is "generally
28  limited to freedom from restraint which . . . imposes atypical and significant hardship on the

---

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.          *Fernandez v. Curry*
                                                                          No. C 07-3727 MMC (PR)

1  inmate in relation to the ordinary incidents of prison life").  Further, it is an open question

2  whether *Greenholtz* or *Sandin* controls how a federal liberty interest is determined.  *Wilkinson v.*

3  *Dotson*, 545 U.S. 209, 222-23 (2005) (noting that *Sandin* abrogated the Court's prior

4  methodology of parsing the language of the regulation to determine if a state-created liberty

5  interest existed).  Accordingly, Respondent preserves the argument that because Fernandez is not

6  in custody in violation of federal law, he has not alleged a federal question and this Court does

7  not have subject matter jurisdiction to decide his Petition.  28 U.S.C. § 2254(a).

8         4.       Even if Fernandez has a federally protected liberty interest in parole, he received

9  all the process due under clearly established Supreme Court authority.  *Greenholtz*, 442 U.S. at

10  16.  As required by *Greenholtz*, Fernandez received an opportunity to be heard (*e.g.*, Ex. 2 at 54),

11  and the Board provided a decision informing Fernandez of the bases for denying him parole.

12  (Ex. 2 at 55-59.)  Fernandez also received timely notice of the hearing.  (Ex. 2 at 8.)

13         5.       Respondent denies that the Supreme Court has ever clearly established that a state

14  parole board's decision must be supported by some evidence.  *See Plumlee v. Masto*, 512 F.3d

15  1204, 1210 (9th Cir. 2008) ("What matters are the holdings of the Supreme Court, not the

16  holdings of lower federal courts."); *contra Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007).

17  Alternatively, the Board did not violate Fernandez's federal due process rights when finding him

18  unsuitable for parole because some evidence supports the Board's August 17, 2006 decision.

19  (*See* Ex. 2); *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (applying the some-evidence

20  standard to prison disciplinary hearings); *In re Rosenkrantz*, 29 Cal. 4th 616, 677 (2002);

21  *Dannenberg*, 34 Cal. 4th at 1094-95.

22         6.       At his fifth subsequent hearing, the Board found that Fernandez's crime was a

23  factor supporting his parole denial.  (Ex. 2 at 22, 55.)  Allegedly fueled by alcohol intoxication,

24  Fernandez fatally shot the victim multiple times and left him to die; the victim had allegedly

25  killed Fernandez's brother years before.  (Ex. 2 at 12-13, 17, 22, 55; Ex. 3 at 2.)

26         7.       In denying Fernandez parole, the Board also noted that Fernandez had a record of

27  assaultive behavior, including firing into an inhabited dwelling, and other alcohol and firearms

28  violations resulting in probation.  (Ex. 2 at 18, 35-36, 55-56; Ex. 3 at 3 [noting that Fernandez

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.          *Fernandez v. Curry*
                                                                                No. C 07-3727 MMC (PR)

1   had four misdemeanor convictions and one felony conviction].) The Board found that Fernandez

2   had failed a prior grant of probation and thus, had failed to profit from society's attempts to

3   correct his criminality. (Ex. 2 at 56.) The Board also found that Fernandez had received three

4   counseling memoranda, the latest in 1995, and six disciplinary violations, the latest in 1990. (Ex.

5   2 at 56; Ex. 4.)[2]  In addition, the latest psychological report did not support Fernandez's release

6   because Fernandez's violence potential depended on him abstaining from drugs and alcohol.

7   (Ex. 2 at 56; Ex. 5 at 3; see also Ex. 2 at 17-18 [discussing Fernandez's alcohol problem].) The

8   Board found that Fernandez needed to find a place to continue with Alcoholics Anonymous

9   when he received a date, and his parole plans needed to be refined. (Ex. 2 at 30-35, 57.) Further,

10  the Board noted that the district attorney and the San Jose Police Department opposed parole.

11  (Ex. 2 at 57; e.g., Ex. 6.)

12      8.      The Board commended Fernandez for his disciplinary-free years, continued

13  participation in AA and independent study, programming, and work reports, but found that the

14  positive aspects of his behavior did not outweigh the factors of unsuitability. (Ex. 2 at 57-58.) In

15  addition, the Board requested that Fernandez undergo a new psychological evaluation before the

16  next hearing. (Ex. 7.)

17      9.      Fernandez filed a habeas petition in the Santa Clara County Superior Court

18  challenging his 2006 parole denial, in which Fernandez generally alleged the same claim

19  underlying this federal proceeding. (Ex. 8.)[3]  The superior court denied Fernandez's petition

20  because his crime and prior gun convictions showed his unsuitability under the relevant

21  standards. (Ex. 9.) The superior court's decision was not an unreasonable application of clearly

22  established United States Supreme Court law.

23      10.     On March 19, 2007 and April 20, 2007, Fernandez filed a petition for writ of

24  habeas corpus in the appellate court and a petition for review in the California

25  _____

26      2. Exhibit 4 also reflects that Fernandez received two additional counseling memoranda —
    one within two weeks before his 2006 hearing and one within three weeks after that hearing.

27      3. Respondent assumes the superior court and appellate court petitions included as exhibits

28  8 and 11 to this Answer are true and accurate copies of the original documents filed in case numbers
    89523 and H031308, respectively.

1   Supreme Court, respectively. (Exs. 10, 11, 13.) In both petitions, Fernandez generally alleged

2   the same claim underlying this federal proceeding. (Exs. 11, 13.) The appellate and supreme

3   courts summarily denied Fernandez's petitions on April 11, 2007 and June 20, 2007,

4   respectively. (Exs. 12, 14.)

5          11.    Respondent admits that Fernandez appears to have exhausted his claim that his

6   due process rights were violated when the Board denied him parole without sufficient evidence

7   to support its decision that his release would pose an unreasonable risk to public safety, and in

8   continued reliance solely on the unchanging factor of the commitment offense. Respondent does

9   not admit that Fernandez has exhausted this claim to the extent it can be more broadly

10  interpreted. Respondent admits that the Petition does not appear to be barred by any other

11  procedural bar or by the non-retroactivity doctrine.

12         12.    Fernandez fails to state or establish any grounds for federal habeas corpus relief.

13  28 U.S.C. § 2254(d).

14         13.    Respondent denies that the Board relied solely on Fernandez's crime or on his

15  crime and pre-commitment factors to deny him parole. (Ex. 2 at 55-58.) Thus, Fernandez's

16  reliance on the dicta in *Biggs v. Terhune*, 334 F.3d 910, 917 (9th Cir. 2003) is inapposite.

17  Moreover, Fernandez's reliance on *Irons v. Carey*, 479 F.3d 658 (9th Cir. 2007) is misplaced as

18  that decision was amended and superseded on denial of rehearing in *Irons v. Carey*, 505 F.3d 846

19  (9th Cir. 2007).

20         14.    Respondent denies that an evidentiary hearing is warranted. 28 U.S.C. § 2254(e).

21         15.    Respondent denies that the Board must find by a preponderance of the evidence

22  that a factual basis exists for its decision.

23         16.    Respondent denies that the Board is precluded from finding Fernandez unsuitable

24  for parole because the psychologist concluded that he would pose a low degree of risk to society

25  if released.

26         17.    Respondent denies that the Board's decision was not based on relevant and

27  reliable factors specified by statute and regulation. Cal. Penal Code § 3041(b); Cal. Code Regs.

28  tit. 15., § 2402(b)-(c)(1), (2), (6).

---

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.    *Fernandez v. Curry*
                                                                          No. C 07-3727 MMC (PR)

1        18.    Respondent denies that clearly established United States Supreme Court law

2 requires that Fernandez's crime must reflect circumstances beyond the minimum elements

3 necessary for second-degree murder.

4        19.    Respondent denies that Fernandez is entitled to a parole date.  If this Court

5 decides to grant Fernandez habeas relief, the remedy is limited to a new Board hearing that

6 comports with due process.  *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002)

7 (noting that the parole board must exercise the discretion in determining whether or not an

8 inmate is suitable for parole); *see Rosenkrantz,* 29 Cal. 4th at 658 (noting that the proper remedy

9 for a Board decision lacking some evidence is a new hearing comporting with due process).

10        20.    Except as expressly admitted above, Respondent denies, generally and

11 specifically, every allegation of the Petition, including but not limited to Fernandez's claim that

12 his due process rights were violated when the Board denied him parole without sufficient

13 evidence to support its decision that his release would pose an unreasonable risk to public safety,

14 and in continued reliance solely on the unchanging factors of the commitment offense.

15 Respondent further denies that the Board acted arbitrarily and that Fernandez's administrative,

16 statutory, or constitutional rights were violated, including his Fifth and Fourteenth Amendment

17 rights to due process.

18        Respondent respectfully requests that this Court deny the Petition for Writ of Habeas

19 Corpus and discharge the Order to Show Cause.

20 **MEMORANDUM OF POINTS AND AUTHORITIES**

21 **ARGUMENT**

22    I.    **FERNANDEZ'S FEDERAL DUE PROCESS RIGHTS DO NOT**
            **REQUIRE APPLYING THE SOME-EVIDENCE STANDARD OF**

23            **REVIEW BECAUSE THE SUPREME COURT HAS NOT**
            **ESTABLISHED THAT THAT STANDARD IS APPROPRIATE IN**

24            **THE PAROLE CONTEXT.**

25        The Ninth Circuit has held that the some-evidence standard governs parole cases, even

26 though the Supreme Court has never extended that test from disciplinary cases to parole cases.

27 *See, e.g., Hayward v. Marshall*, 512 F.3d 536, 542 (9th Cir. 2008); *Irons v. Carey*, 505 F.3d at

28 851; *but see Musladin,* ___ U.S. ___, 127 S. Ct. 649, 654 (2006); *Schriro v. Landrigan,* ___ U.S.

1 ___, 127 S. Ct. 1933, 1942 (2007) (no federal habeas relief when the issue is an open question in

2 the Supreme Court's precedent); *see also Wright v. Van Patten*, ___ U.S. ___, 128 S. Ct. 743,

3 745-47 (2008) (per curiam) (reversing decision after having granted certiorari, vacated the

4 judgment, and remanded for further consideration in light of *Musladin* because "No decision of

5 this Court . . . squarely addresses the issue in this case" and, therefore relief under § 2254(d)(1) is

6 "unauthorized"); *Crater v. Galaza*, 491 F.3d 1119, 1126 & n.8 (9th Cir. 2007) (citing *Musladin*,

7 the Ninth Circuit acknowledged that decisions by courts other than the Supreme Court are

8 "non-dispositive" under § 2254(d)(1)).  Consequently, this Court should not grant the Petition

9 based on a some-evidence analysis.

10    **II.    EVEN IF THE SOME-EVIDENCE STANDARD APPLIES, THE**
       **PETITION SHOULD BE DENIED BECAUSE SOME EVIDENCE**
11    **SUPPORTS THE BOARD'S DECISION DENYING FERNANDEZ**
       **PAROLE.**
12

13    If this Court finds that the some-evidence standard applies, some evidence based in fact

14 supported the Board's decision denying Fernandez parole.  The Board's decision must have a

15 factual basis, but that basis need only consist of "some evidence." *Rosas v. Nielsen*, 428 F.3d

16 1229, 1232 (9th Cir. 2005).  This extremely deferential standard of review is satisfied if "there is

17 any evidence in the record that could support the conclusion reached by the [executive

18 decisionmaker]." *Hill*, 472 U.S. at 455-56.  Consequently, the court does not independently

19 examine the entire record or reweigh the evidence. *Id.* at 455; *accord Sass*, 461 F.3d at 1128.

20 Here the superior court properly denied Fernandez's petition based on his crime and prior gun

21 convictions.  (Answer *supra*, ¶ 9.)

22    The superior court did not specifically acknowledge the Board's reliance on Fernandez's

23 alcohol related offenses, behavior in prison, failure to profit from society's attempt to correct his

24 criminality by way of probation, psychological report, unrefined parole plans, and law

25 enforcement's opposition when denying him parole.  (Answer *supra*, ¶ 7.)  But this Court can

26 still consider these factors because under AEDPA, this Court's review only addresses whether

27 the state court's decision, as opposed to its reasoning, is contrary to or an unreasonable

28 application of federal Supreme Court law. *Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir.

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.                    *Fernandez v. Curry*
                                                                                       No. C 07-3727 MMC (PR)

1  2002) (determining in habeas proceedings that "the intricacies of the state court's analysis need

2  not concern us; what matters is whether the *decision* the court reached was contrary to

3  controlling federal law"). Moreover, the Board properly relied on these factors to deny parole.

4  Cal. Code Regs., tit. 15, § 2402(b) & (c)(1), (2), (6); Cal. Penal Code §§ 3042(a) & (f)(3),

5  3043.5(b), 3046(c); *Dannenberg*, 34 Cal. 4th at 1085 (finding that public input regarding the

6  prisoner's suitability may be influential and even decisive in appropriate cases).

7      In summary, the Board's decision is supported by more than the modicum of evidence

8  required under the some-evidence standard. Thus, this Court should deny the Petition.

9                          **CONCLUSION**

10     Fernandez does not have a federally protected liberty interest in parole and, even if he

11  does, he received all the process due. Further, the some-evidence standard does not apply, but

12  even if it does, some evidence supports the Board's decision denying Fernandez parole.

13  Accordingly, this Court should deny the Petition.

14      Dated: April 1, 2008

                                Respectfully submitted,

15                              EDMUND G. BROWN JR.
16                              Attorney General of the State of California

17                              DANE R. GILLETTE
                                Chief Assistant Attorney General

18                              JULIE L. GARLAND
                                Senior Assistant Attorney General

19                              ANYA M. BINSACCA
                                Supervising Deputy Attorney General

20

21

22                              DENISE A. YATES
23                              Deputy Attorney General

24                              Attorneys for Respondent Ben Curry, Warden at the
                                Correctional Training Facility

25

26

27

28

---

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.          *Fernandez v. Curry*
                                                                        No. C 07-3727 MMC (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **In re Fernandez**

No.:  **C07-3727 MMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **April 1, 2008**, I served the attached

### RESPONDENT'S ANSWER TO THE ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Guadalupe Fernandez, C-72642**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA  93960-0689**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 1, 2008**, at San Francisco, California.

|  |  |
|---|---|
| J. Palomino | |
| Declarant | Signature |

40235524.wpd

**Guadalupe Fernandez (C-72642) v. Ben Curry**
**United States District Court, Northern District of California**
**Case No.:  C 07-3727 MMC (PR)**

## INDEX OF EXHIBITS

| Exhibit | Document |
|---|---|
| 1 | Abstract of Judgment |
| 2 | Subsequent Parole Consideration Hearing, August 17, 2006 |
| 3 | Probation Officer's Report |
| 4 | Disciplinary Sheets |
| 5 | Psychological Evaluation, November 24, 2003 |
| 6 | Letters from the San Jose Police Department, July 3, 2002 |
| 7 | Life Prisoner Hearing Decision Face Sheet; Note to CDC Staff: Recommendations and Requests |
| 8 | Petition for Writ of Habeas Corpus, Santa Clara County Superior Court |
| 9 | Order |
| 10 | Docket Sheet, Sixth Appellate District, Case Number H031308 |
| 11 | Petition for Writ of Habeas Corpus, Sixth Appellate District |
| 12 | Order |
| 13 | Petition for Review, California Supreme Court |
| 14 | Order |