# EXHIBIT 13

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

In re

    GUADALUPE FERNANDEZ,

On Habeas Corpus

COURT OF APPEAL NO. H031308

Santa Clara County
Super. Ct. No. 89523

PETITION FOR REVIEW

TO: THE HONORABLE CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

    Pursuant to California Rules of Court, rules 28 and 29, petitioner Guadalupe Fernandez, In Propria Persona, hereby petitions the Court for review following the decision of the Court of Appeal, Sixth Appellate District, appended hereto as exhibit (1), which denied petitioner's petition for Writ of Habeas Corpus, denied April 11, 2007.
Service was by mail, thus 5-day tolling applies (CCP § 1013).

I.

QUESTIONS FOR REVIEW

    This case presents the following questions for review:

    (1) Is it a violation of petitioner's right to due process for the Board of Parole Hearings (BPH) to find petitioner unsuitable for parole after six consecutive parole hearings based on immutable factors of the commitment offense and his prior abuse of alcohole abuse, rendering the decision arbitrary and an abuse of discretion.

(2) Is it a violation of due process and state law for the Board of Parole Hearings decision finding that petitioner poses a threat to society is not supported by any evidence and is punitive in nature?

## II.

### JURISDICTION OF THE COURT

Petitioner has exhausted all lower Court remedies. Thus, petitioner having been placed in jeopardy and danger of irreparable harm, this court has jurisdiction (Employees Association v. City of Glendale (1975) 15 Cal. 3d 320, 342).

There is no issue of "comity" since both state and federal due process standards are offended. This is particularly true since the California standard of due process is more stringently protective of the individual (People v. Ramirez (1979) 25 Cal. 3d 260).

## III.

### HISTORY OF THE CASE

On or about September 8, 1983, petitioner was sentenced to an indeterminate sentence of 15 years to life with a Minimum Eligibility Parole Date (MEPD) of December 9, 1993. On August 17, 2006, petitioner's sixth parole consideration heraing was held and petitioner was found unsuitable and received a one year deferment.

# IV.

# ARGUMENT

(1) A review of penal code section 3041 (a) and (b) and California Code of Regulations, Title 15, section 2000 et seq., indicates a statutory scheme which contains mandatory language and substantive guidelines to the exercise of official discretion that gives rise to a protected liberty interest in parole, curing the "arbitrary decision process". Most courts continue to find a liberty interest in the California parole statute. Lewis v. Solis 2005 WL 3454137 (N.D. Cal. 2005); Murilla v. Perez, 2005 WL 25-92420 (C.D. Cal. 2005); Rodriguez v. Cambell, 2005 WL 1335711 (E.D. Cal. MCE JFM); Rosenkrantz v. Marshall, 444 F. Supp. 2d. 1063. C.D. Cal. (2006); Martin v. Marshall, 431 F. Supp. 2d 1042 (N.D. Cal. 2006).

The Board of Parole Hearings regulations and guidelines are valid and have the force and effect of law and the Board of Parole Hearings must follow their own regulationa and guidelines.

The quantum of process due is that which is minimal required by the constitution unless, as itself to a higher level of process...[cits, omitted] (Kindred v. Spears (5th Cir. 1990) 894 F. 2d 1475, 1481-1482, citing Marshall v. Lancing (3rd Cir. 1988) F. 2d 933, 943).

By requiring the government to follow appropriate procedures when its agents decide to "deprive any person of life, liberty and property". the due process cluse promotes fairness in such decision. (People v. Ramirez (1979) 25 Cal. 3d 260, 269).

The continued reliance on unchanging factor, the circumst-

ances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation. In case at bench, that due process violation has arrived. (Biggs v. Terhune, supra, 334 F. 3d at 916-917).

(2) The Supreme Court held that there must be "some evidence" to support the Board of Parole Hearings determination. In re Powell (1988) 45 Cal. 3d 894, 940.

The requirement of due process are satisfied if some evidence supports the decision. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced.

There is no evidence that the nature of the commitment offense or prior conduct is demonstrative of petitioner's current level of dangerousness or that he poses a threat to public safety. (In re Smith (2003) 109 Cal. App. 4th 489, 505, emphasis in original).

The Board of Parole Hearings offered no supportable, tangible or reliable evidence that petitioner's current level of dangerousness poses a threat to public safety.

Because petitioner cannot change the past, denying parole based only on the facts surrounding the crime itself effectively changes his sentence from fifteen years-to-life into life imprisonment without the possibility of parole.

The Supreme Court has recognized that

> [t]he requirement of due process vary with the private and governmental interests at stake and the circumstances of alleged deprivation.... To insure that a state-created parole scheme serves the public interest purposes of

1  
2  
3  
   rehabilitation and deterrence, the Parole Board must
be cognizant not only of the factors required by state
statute to be considered, but also the concepts embodied
in the Constitution requiring due process of law.

4 The test is not whether some evidence supports the <u>reasons</u> the
5 [Board] cites for denying parole, but whether some evidence in-
6 dicates a parolee's release unreasonably endangers public safety.
7 (Cal. Code Regs., tit. 15, § 2402, subd (a)., [parole denied if
8 prisoner "will pose an unreasonable risk of danger to society if
9 released from prison"], see e.g. <u>In re Scott</u> (2005) 133 Cal. App.
10 4th 573, 595 ["The commitment offense can negate suitability
11 [for parole] only if circumstances of the crime rationally in-
12 dicate that the offender will present an unreasonable public sa-
13 fety risk if released from prison"]. In this case, there is no
14 evidence that the nature of the commitment offense or prior con-
15 duct is demonstrative of petitioner's current level of dangerous-
16 ness or that he poses a threat to public safety. (<u>In re Smith</u>
17 (2003) 109 Cal. App. 4th 489, 505, emphasis in original). Petit-
18 ioner's crime has little, if any predictive value for future
19 criminality, Simply from the passing of time, petitioner's crime
20 over 24 years ago have lost much of its usefulness in forseeing
21 the likelihood of future offenses than if it had happend five or
22 ten years ago (<u>In re Scott</u>, supra, 133 Cal App 4th 573, 595
23 [past crimes value for predicting future crime diminishes over
24 time].
25    The Ninth Circuit similarly focuses on "current dangerous-
26 ness" see <u>McQuillion v. Duncan</u>, 306 F. 3d 895, 910 (9th Cir. 2002)
27 Indeed, this court recently stated:
28

5.

"While relying upon petitioner's crime as an indicator of his dangerousness may be reasonable for some period of time, in this case, continued reliance on such unchanging circumstances--after two decades of incarceration ...violates due process because petitioner's commitment offense has become such an unreliable predictor of his present and future dangerousness that it does not satisfy the 'some evidence' "standard". Rosenkrantz v. Marshall, 444 F. Supp. 2d 1063, 1065. 1070 (C,D. Cal. 2006) (Emphasis added).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this petition for review be granted in the interest of justice to address the important questions of law of a statewide importance.

Date: 4/18/07

Respectfully, submitted

*Guadalupe Fernandez*
Guadalupe Fernandez
Petitioner In Pro Per

6.

DECLARATION OF GUADALUPE FERNANDEZ

I declare as follows:

I am the petitioner in this case. I am over the age of eighteen years. I am aparty to the attached action. I am a resident of the Correctional Training Facility in Soledad, California. My address is Post Office Box 705 / ND- 70-L, CTF North Facility, Soledad, California. 93960-0705. I served the attached document entitled "Petition For Review" on the persons/parties specified below by placing a true copy of said document into a sealed envelope with the appropriate postage affixed thereto and surrendering said envelope to the following:

OFFICE OF THE ATTORNEY GENERAL
455 GOLDEN AVE., SUITE 11000
SAN FRANCISCO, CA. 94102

CALIFORNIA COURT OF APPEAL
SIXTH APPELLATE DISTRICT
333 W. SANTA CLARA ST., #1060
SAN JOSE, CA. 95113-1717

I declare under penalty of purjury under the laws of the United States that the foregoing is true and correct. Executed this 18Th day of April, 2007 at the Correctional Training Facility in Soledad, California.

_Guadalupe Fernandez_
Declarant

EXHIBIT 1



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re GUADALUPE FERNANDEZ, <br><br> on Habeas Corpus. | H031308 <br> (Santa Clara County <br> Super. Ct. No. 89523) |

FILED
APR 11 2007
MICHAEL J. YERLY, Clerk
By_____
   DEPUTY

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

Dated  APR 11 2007          __MIHARA, J.__  Acting P.J.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA


FILED
MAR 12 2007
KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

In re                                    )   No.: 89523
                                         )
   GUADALUPE FERNANDEZ,                  )
                                         )   ORDER
On Habeas Corpus                         )
_____)

The California Supreme Court, in *In re Dannenberg* (2005) 34 Cal.4th 1061, finding that the Parole Board's procedures are lawful because they are constrained by a framework within which to exercise discretion, stated: "the regulations do set detailed standards and criteria for determining whether a murderer with an indeterminate life sentence is suitable for parole." (*Dannenberg* at p. 1080. See also page 1096, footnote 16: "the Board must apply detailed standards when evaluating whether an individual inmate is unsuitable for parole on public safety grounds.") In this case the crime itself, and Petitioner's prior gun convictions, appear to show unsuitability under the standards. Accordingly the habeas petition is DENIED.

DATED: __12 Mar__, 2007      _____
                              PAUL BERNAL
                              JUDGE OF THE SUPERIOR COURT

cc: Petitioner
    Attorney General
    Research(1-10A)
    CJIC

1

| | |
|---|---|
| IN THE SUPERIOR COURT OF CALIFORNIA<br>IN AND FOR THE COUNTY OF SANTA CLARA | |
| Plaintiff/Petitioner<br>Guadalupe Fernandez | **FILED**<br>MAR 12 2007<br>KIRI TORRE<br>Chief Executive Officer<br>Superior Court of CA County of Santa Clara<br>BY _____ DEPUTY |
| In re: People vs. Fernandez | |
| **PROOF OF SERVICE OF:** Order in re: Habeas Corpus | Case Number:<br>89523 |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this cause and that a true copy of this document was mailed first class postage fully prepaid in a sealed envelope addressed as shown below and the document was mailed at SAN JOSE, CALIFORNIA on 3/12/07. I declare under penalty of perjury that the foregoing is true and correct.

DATED: 3/12/07

Kiri Torre, Chief Executive Officer

BY: Catherine Guerra, Deputy Clerk

| | |
|---|---|
| Guadalupe Fernandez<br>CDC# C-72642<br>CTF North<br>Soledad, CA 93960-0705 | Research Attorney Criminal Division<br>190 W. Hedding Street<br>San Jose, CA 95110<br>*Placed in Research Attorney pick up box at HOJ |
| | Attorney General of the State of California<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102 |
| | CJIC |

Proof of service
Clerk's Certificate of Service