Guadalupe Fernandez C-72642
P.O. Box 689/ZW-214-U
CTF Central Facility
Soledad,CA.93960-0705

In Propria Persona



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GUADALUPE FERNANDEZ

Petitioner,

vs.

BEN CURRY, Warden.

Respondent.

NO. C 07-3727 MMC (PR)

PETITIONER'S TRAVERSE TO RESPONDENT'S RETURN TO ORDER TO SHOW CAUSE.

Judge: The Honorable Maxine M. Chesney

INTRODUCTION

**TO: THE HONORABLE MAXINE M. CHESNEY, JUDGE, OF THE UNITED STATES COURT, FOR THE NORTHERN DISTRICT OF CALIFORNIA.**

Comes Now Guadalupe Fernandez, (hereafter petitioner), a California prisoner proceeding in propria persona now makes this Traverse to the Return To The Order To Show Cause re Habeas Corpus issued by this Court.

By verified traverse, it is alleged as follows:

I.

Petitioner, Guadalupe Fernandez, herein incorporqtes all of the allegations of the petition and exhibits in support of the petition as though they were fully set forth herein.

II.

ADMISSIONS AND DENIALS IN THE RETURN

1. With respect to the allegations of paragraph I on page 2 of the return: Petitioner admits that his restraint is lawful to the extent it is described as resulting in a term of 15 years to life, plus two following his conviction for second degree murder. He does not contest the validity of the conviction which resulted in his continuous incarceration for 25 years, and 10 yrs after he has become eligible for parole. His continued restraint based on the Board of Parole Hearings denial is illegal and a violation of due process by failing to find him suitable for parole and denying him a parole date.

2. With respect to the allegations of paragraph II on page 2 of the return: Petitioner admits allegations in said paragraph.

3. With respect to the allegations of paragraph III on page 3 of the return: Petitioner expressly denies the respondents allegation that petitioner has not a liberty interest in parole.

The Fifth and Fourteenth Amendents prohibit the government from depriving an inmate of life, liberty, or property without due process of law. U.S. Const. amends. V,XIV. Contrary to respondent's position, it is now seteled that California's parole scheme, codified in California Penal Code section 3041, vest all

"prisoners whose sentences provide for the possibility of parole with a constitutionally protected liberty interest, a liberty that is protected by procedural safeguards of the Due Process Clause." Irons v. Carey, 479 F.3d 658,662 (9th Cir. 2007) (citing Sass v. Calif. Bd. of prison Terms, 461 F.3d 1123,1128 (9th Cir. 2006); Biggs v. Terhune, 334 F.3d 910,914 (9th Cir. 2003); McQuillion v. Duncan, 306 F.3d 395,903 (9th Cir. 2002)). Due Process accordingly requires that a parole board premise its decision on "some evidence" in the record" such that it is not arbitrary. Sass, 461, 461 F.3d at 1128-29 (quoting Superintendent v. Hill, 472 U.S. 445,457 (1985)). The "some evidence" standard is clearly established federal law in the parole contex for purposes of §2254(d). Id. at 1129.

4. With respect to the allegations of paragraph IV on page 3 of the return: Petitioner expressly denies allegations in said paragraph. Due process pursuant to Greenholtz v. Inmates of Nabraska Penal Complex, is not satisfied merely by an opportunity to be heard, and if denied parole, a written explanation of the grounds for denial, but due process guarantees that the decision be reasonable in light of the facts, being supported by "some evidence" that petitioner is presently too dangerous to grant a fixed parole release date. (In re Dannenberg, 34 Cal. 4th at 1080 supra). Petitioner denies that the Board met this standard.

5. With respect to the allegations of paragraph V on page 3 of the return: Petitioner expressly denies allegations in said paragraph. Combining the California and federal standards of review, as they have been articulated thus far by the California Supreme Court and the Ninth Circuit, respectively, the commitment

crime can lack the power to supply "some evidence" supporting a denial of parole because of the interplay between two factors— the nature of that crime and the passage of time since its comm-ission. That is, the fact there is "some evidence" the crime was committed a certain way at a certain time does not mean that crime necessarily represents "some evidence" the prisoner's re-lease on parole will pose an unreasonable risk of danger to the the public safety at the present time. Whether it posses the nec-essary predictive value depends both on the nature of the crime and how long ago it happened.

6. With respect to the allegations of paragraph VI on page 3 of the return: Petitioner admits it to be true.

7. With respect to the allegations of paragraph VII on page 3 of the return: Petitioner admits it to be true.

8. With respect to the allegations of paragraph VIII on page 4 of the return: Petitioner admits it to be true.

9. With respect to the allegations of paragraph IX on page 4 of the return: Petitioner admits and denies allegations in said paragraph. Petitioner admits a habeas petition challenging his 2006 parole denial was filed in the Santa Clara County Superior Court. The petitioner further admits the court denied his petit-ion, however, petitioner denies however, that the decision of the state court in denying this habeas petition was an unreasonable application of clearly established United States Supreme Court principles of law, and the decision of the state court was most unreasonable in light of the evidence presented. The state court

erred in its analysis of the factors underlying the Board's decision to dny parole. The relevant evidence presented by the Board does not merely fail to support but refutes the conclusion that Fernandez's offense compared to other to other second-degree murders was carried out in an especially callous manner or that the reason for committing his offense was more trivial than that shown in most second degree murder cases. The courts failure to provide any rationale for its conclusion is particulary stricking. Under (AEDPA), that says that reliance on a prisoner's offense and on his pre-offense conduct to deny parole can in some instances constitute a due process violation. Accordingly, the relevant test is not whether some evidence supports the reasons cited for denying parole, "but whether some evidence indicates [an inmate's] release unreasonably endangers public safety." (In re Lee, supra, 143 Cal App. 4th at p. 1408, fn. & italics omitted hereafter Lee); see also In re Tripp (2007) 150 Cal. App. 4th 306,313 ["evidence must substantiate the ultimate conclusion that the prisoner's release currently poses an unreasonable risk of danger to the public".) In re Ronald Singler 2008 DJDAR 4198.

With respect to the allegations of paragraph X on page 4 of the return: petitioner admits it to be true.

With respect to the allegations of paragraph XI on page 5 of the return: Petitioner admits it to be true.

With respect to the allegations of paragraph XII on page 5 of the return: Petitioner expressly denies allegations in said paragraph Under 28 U.S.C. §2254 petitioner is entitled to federal

habeas relief. Petitioner's "liberty interest" in, and "expection" of parole, does not attach upon being found suitable for parole, but upon entrance of the prison gates (Biggs v. Terhune (9th Cir. 2003) 334 F.3d 910,915).

With respect to the allegations of paragraph XIII on page 5 of the return: Petitioner denies allegation in said paragraph. The Board made no effort to distinguish petitioner's offense as containing circumstances which are beyond the minimum necessary to sustain a conviction for the crime of second degree murder. A continued use of the offense to deny setting a parole release date for petitioner is not some evidence to support the decision. California courts have made clear that the "findings that are necessary to deem a prisoner unsuitable for parole," Irons, 505 F.3d at 851, 2007 WL 2927359, at *3, are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably endanger public safety. In re Dannenberg, 156 Cal. App. 4th 1387, 68 Cal. Rptr. 3d 188, 2007 WL3408290, at *9 (Cal. Ct. App. 2007), modified, 2007 Cal. App. LEXIS 1985, 2007 WL 4227229 (Cal. Ct. App. Dec. 3, 2007); In re Lee, 143 Cal. App. 4th 1400, 1408, 49 Cal. Rptr. 3d 931 (Cal. Ct. App. 2006); In re Scott, 133 Cal. App. 4th 537, 595, 34 Cal. Rptr. 3d 905 (Cal. Ct. App. 2005).

With respect to the allegations of paragraph XIV on page 5 of the return: Petitioner denies allegations in said paragraph .

With respect to the allegations of paragraph XV on page 5 of the return: Petitioner denies allegations in said paragraph.

The standard of evidence, pursuant to California statutes (Atkins v. Rivera, 447 U.S. 154, 162 (1986) [administrative regulation held entitled to legislative effect]) is "good cause" and "good cause" being a preponderance of the evidence (Cal. Code Regs., tit. 15, §2000 (a) (50) [Good Cause]. A finding by the Board upon a preponderance of evidence that there is a factual basis and good reason for the decision made.(In re Caswell, 92 Cal. App. 4th 1017, 1030; McQuillion supra, 306. F.3d at 906,910.

With respect to the allegations of paragraph XVI on page 5 of the return: Petitioner admits allegation in said paragraph.

With respect to allegations of paragraph XVIIon page 5 of the return: Petitioner denies allegations in said paragraph. The Board violated the inmate's due process rights by relying on the stale and stacic factor of the committed offense.

With respect to allegations of paragraph XVIII on page 6 ofthe return: Petitioner denies allegations in said paragraph. The Supreme Court has explained, in Dannenberg, The Board must apply detailed standards when evaluating whether an individual inmate is unsuitable for parole on public safety grounds. When the Board bases unsuitability on the circumstances of the comm- itment offense, it must cite "some evidence" of aggravating facts beyond the minimum elements of that offense. (Rosenkrantz, supra, 29 Cal. 4th 616, 658,683.)

With respect to allegations of paragraph XIX on page 6 of the return: Petitioner denies allegations in said paragraph.

Petitioner is entitled to a parole date. His commitment offense, which occurred twenty-five years ago, cannot demonstrate that his release will pose an imminent danger to public safety. See Rosenkrantz v. Marshall, 444 F. Supp. 2d 1063, 1084 (C.D. Cal. 2006) ("While relying upon petitioner's crime as an indicator of his dangerousness may be reasonable for some period of time, in this case, continued reliance on such unchanging circumstances--after nearly two decades of incarceration and half a dozen parole suitability hearings--violates due process because petitioner's commitment offense has become such an unreliable predictor of his present and future dangerousness that it does not satisfy the 'some evidence' standard. (Hayward v. Marshall, 512 F.3d 546).

With respect to allegations of paragraph XX on page 6 of the return: Petitioner denies allegations in said paragraph. The Board's continued reliance on the circumstances of the murder to find petitioner unsuitable for parole after 6 parole hearings and over 25 years of incarceration into his 15-to-life sentence was arbitary and therefore did not comport with the "some evidence" standard. It violated due process.

III.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. THE DECISION TO FIND PETITIONER UNSUITABLE FOR PAROLE IS AN ABUSE OF DISCRETION AND VIOLATES DUE PROCESS.**

The United States Court of Appeals for the Ninth Circuit holds that the United States Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is

not supported by "some evidence in the record" or is "otherwise arbitrary." Even though the suitability and unsuitability factors are helpful in analyzing whether a prisoner should be granted parole, California courts have made clear that the findings that are necessary to deem a prisoner unsuitable for parole, are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably endanger public safety. The test is not whether some evidence supports the reasons the Board cites for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety.Some evidence of the existence of a particular factor does not necessarily equate to some evidence the parolee's release unreasonably endangers public safety.

In some cases, indefinite detention based soley on an inmate's commitment offense, regardless of the extent of his rehabilitation, will at some point violate due process, given the liberty interest in parole that flows from the relevant California statutes. The commitment offense can negate suitability only if circumstances of the crime reliably established by evidence in the record rationally indicate that the offender will present an unreasonable public safety risk if release from prison.

**II. THE STATE COURT DECISION UPHOLDING THE PAROLE DECISION WAS UNREASONABLE INTERPRETATION OF THE FACTS AND DID NOT SUPPORT THE DECISION WITH SOME EVIDENCE.**

It is questionable that the "some evidence" standard established in Superintendent v. Hill, 472 U.S. 445 (1985) for prison disciplinary hearings by "prison administrators" is "clearly established Supreme Court law" under (AEDPA) in contex of parole hearings. There is an appreciative and considerable difference

between a prison disciplinary hearing and a parole suitability hearing. The California Supreme Court, in In re Roberts, 36 Cal. 4th 575, 589 (2005), held: "The Board is a distinct entity, and the commissioners of the Board, who are authorized to conduct hearings, perform other duties related to parole matters, are not correctional officials" and "parole eligibility is considered an intergal part of sentence, i.e, the sentence itself" (Id., at 586).

Thus, the standard of evidence, pursunt to California statutes (Atkins v. Rivera, 447 U.S. 154,162 (1986) [administrative regulation held entitled to legislative effect]), is "good cause" and being a preponderance of the evidence (Cal. Code Regs tit 15, §2000 (a) (50) [Good Cause]. A finding by the Board upon a preponderance of evidence that there is a factual basis and good reason for the decision made.

Whether by "some evidence" standard, or a "preponderance of the evidence" standard, the decision to deny petitioner parole on immutable factors that have no relevance to a current threat to public safety was not supported by the evidence. Therefore, the writ should be granted under the AEDPA deferential standard of review. Moreover, by the very challenge of the Board's decision, and the state court proceedings being arbitrary and an abuse of discretion, the underlying claim is the decision not being supported by some evidence to find petitioner unsuitable for parole because some evidence of unsuitability for parole would exist in virtually every parole hearing exposing every grant of parole to Board's subsequent change of heart or political whim. (In re Caswell, 92 Cal. App. 4th. 1017,1029 (2001)); but rather was the commitment offense "an unreasonable determination of the

determination of the facts in light of evidence presented in the state court's proceeding" (28U.S.C. §2254 (d))?

## CONCLUSION

The decision finding petitioner would present an unreasonable risk to public safety was "an unreasonable determination of the facts in light of the evidence presented at the state court proceeding" (Williams v. Taylor, 529 U.S., 405-406, supra), and the writ should therefore be granted. At some point, failure to follow the law, or the continued application of an arbitrary and irrational standard, will rise to the level of a substantive due process violation" (In re Rosenkrantz, 80 Cal App. 4th 409, 428 (2000)). That violation has arrived in petitioner's case. The remedy is not a continuing charade of meaningless hearings" (Id.), but reather that the court order the release of the petitioner. Wherefore, it is respectfully requested that the writ be granted.

Date: 4-21-08

Respectfully submitted

Guadalupe Fernandez

Guadalupe Fernandez

DECLARATION OF SERVICE BY MAIL

(28 U.S.C. section 1746)

I, Guadalupe Fernandez, declare: That I am a resident of the Correctional Training Facility in Soledad, California; I am over the age of eighteen (18) years; I am / am not a party to the attached action; My address is P.O. Box 689 ZW-214-U, CTF - North Facility, Soledad, CA 93960-0705; I served the attached document entitled: **PETITIONER'S TRAVERS TO RESPONDENT'S RETURN TO ORDER TO SHOW CAUSE**

on the persons/parties specified below by placing a true copy of said document into a sealed envelope with the appropriate postage affixed thereto and surrendering said envelope(s) to the staff of the Correctional Training Facility entrusted with the logging and mailing of inmate legal mail addressed as follows:

OFFICE OF ATTORNEY GENERAL
455 GOLDEN GATE AVE, 11000
SAN FRANCISCO, CA. 94102-7004

There is First Class mail delivery service by the United States Post Office between the place of mailing and the addresses indicated above. I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct, and I executed this service this 21st day of April, 2008, at the Correctional Training Facility in Soledad, CA.

Guadalupe Fernandez

Declarant


Guadalupe Fernandez C-72642
P.O. Box 686/ZW-214-U
CTF Central Facility
Soledad, CA.93960-0686
UNITED STATES POSTAGE
PITNEY BOWES
$ 01.1
02 1M
0004229613
MAY 09 2
MAILED FROM ZIP CODE 93
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA.94102